UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL ARROYO,

    Plaintiff,

v.                                      Case No:   6:19-cv-611-Orl-40TBS

ORLANDO, FLORIDA AIRPORT and
BOSTON LOGAN INTERNATIONAL
AIRPORT,

    Defendants.

## REPORT AND RECOMMENDATION

This case came on for review of what *pro se* Plaintiff Michael Arroyo has styled a "criminal complaint." (Doc. 1). The complaint is not accompanied by a filing fee and Plaintiff has not filed a motion to proceed *in forma pauperis*. Upon review of the complaint I find that the Court does not have subject matter jurisdiction and recommend that this case be **dismissed without leave to amend**.

### Background

Plaintiff's complaint is largely incoherent and otherwise incomprehensible. He alleges that he was "put through a lot of illegal harassment and poor disrespectful human treatment" in the airports named as Defendants (Doc. 1 at 1). He further alleges that he was subjected to "pessimist, rapist and treasonist" behavior at the airports and "these humans on the property of the airport building were behaved as disrespectful non appropriate and hateful towards my human." (Id.). Plaintiff complains of "aggressive rape beams" as he was being cleared through security, which suggests that he objects to the electronic screening procedure utilized by some airport TSA agents. Plaintiff asserts that

he was "criminally raped" while on an airplane flight, as "criminals were just shooting dangerous disrespectful amounts of electricity at my human while being sat down as a respectable passenger of the commercial airplane." (Doc. 1 at 4). He voices grievances with the pilots, flight attendants, "local hooligans" at the Econolodge Inn, disrespectful Orlando motorists, and assorted "non talented, disrespectful, illiterate non educated criminals from the local Armorys [sic]." (Doc. 1 at 6). Plaintiff also objects to being "forced to put up with such criminal public weirdos and strangers," and he wants criminal charges filed and "immediate legal compensation for the above nonsense that I was put through." (Doc. 1 at 8).

## Discussion

As Plaintiff has not paid the filing fee, the Court would normally direct him to either pay the fee or, if he could not afford to do so, to complete an application to proceed as a pauper. Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Before a plaintiff is permitted to proceed *in forma pauperis*, the court must review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. § 1915(e)(2). After review and consideration, I have concluded that the Court does not have subject matter jurisdiction and that any attempt at amendment by Plaintiff would be futile.

Paragraph (ii) of § 1915(e)(2)(B) authorizes dismissal of an indigent's case on the same terms as Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for cases in general–when the complaint "fails to state a claim on which relief may be granted." See Thorpe v. Little, 804 F. Supp. 2d 174, 180 (D. Del. 2011). Section 1915(e)(2)(B)(ii) and

Rule 12(b)(6) test the sufficiency of Plaintiff's complaint. Because Rule 8(a)(2) requires Plaintiff to "show[]" that he is entitled to relief, a mere "blanket assertion[] of entitlement to relief" is insufficient. Bell Atl. Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under § 1915(e)(2)(B)(ii) and Rule 12(b)(6), Plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating Plaintiff's complaint under this standard, the Court must accept all well pleaded factual allegations as true and construe them in the light most favorable to Plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Note however, that legal conclusions devoid of factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*). See also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Still, *pro se* litigants must still conform their pleadings to the Federal Rules of Civil Procedure, Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007), and the court will not "serve as de facto counsel for a party or ... rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds* as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010).

Federal courts have "an independent obligation" in every case "to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). Parties seeking to invoke the limited jurisdiction of the federal courts over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"), in which a private right of action has been created or is implied by Congressional intent. See 28 U.S.C. § 1331 and § 1332; Alexander v. Sandoval, 532 U.S. 275, 293 n.8 (2001). Plaintiff's complaint does not meet this standard.

Plaintiff has failed to articulate a cause of action for which relief can be granted. His vague allegations of disrespectful treatment, without more, do not state a claim within the Court's limited federal question jurisdiction. And, to the extent Plaintiff is attempting to institute a criminal prosecution against Defendants, I am unaware of any legal authority permitting him to file a valid criminal complaint.

Plaintiff has not provided the Court with his address and there are no allegations of his citizenship, or Defendants' citizenship for purposes of evaluating diversity jurisdiction. There are also no averments showing that the Orlando and Boston airports are legal entities that are capable of being sued, whatever their citizenship.

Plaintiff does not identify the various pilots, unnamed TSA agents, and assorted hooligans sufficiently to evaluate whether they are properly within the jurisdiction of this court, let alone effect service of process on them.

In addition to these deficiencies, absent a cognizable cause of action, the Court has no basis to evaluate whether the amount in controversy requirement is met.

It seems clear that Plaintiff is troubled by maladies that are not within the Court's power to address. While not unsympathetic to his troubles, federal jurisdiction is limited, and Plaintiff has failed to "allege facts adequate to raise his right to relief above a speculative level." See, generally, Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 641 (11th Cir. 2018). Plaintiff's complaint should be dismissed.

## Recommendation

The complete absence of allegations sufficient to meet the pleading standard for any cognizable cause of action leads me to conclude that the defects in Plaintiff's complaint are not subject to being cured by the filing of an amended complaint. I therefore **respectfully recommend** that the complaint be **dismissed without leave to amend, and that this case be closed.**

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 12, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

>Presiding United States District Judge
>Plaintiff, *pro se*
>Any Counsel of Record
>Any other Unrepresented Parties who have appeared in the case